IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAPITAL ADVISORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-862-A |
| | § | |
| LEISURE BAY INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary judgment of plaintiff, Capital Advisors, LLC. Defendant, Leisure Bay Industries, Inc., did not respond to the motion. After having considered the motion, the summary judgment record, and applicable legal authorities, the court has concluded that the motion should be granted.

I.

Plaintiff's Claim and the Basis of the Motion

A. Plaintiff's Claim

This action was initiated on November 11, 2010, by plaintiff's filing of a complaint alleging breach of contract. Plaintiff alleged that defendant failed to perform its obligations under a sublease agreement to which plaintiff and

defendant are parties by failing to pay rent and other charges due under the agreement.

B.  Basis of the Motion

Plaintiff contends that the court should grant summary judgment because the undisputed facts demonstrate that it is entitled to judgment as a matter of law.

II.

Undisputed Facts

The following facts are undisputed:

On or about March 20, 1997, defendant and Wal-Mart Stores East, Inc. ("WMSE") executed an agreement by which defendant agreed to sublease from WMSE approximately 42,000 square feet in a shopping center located in North Richland Hills, Texas, for a term of ten years. In 2006 WMSE assigned its interest in the sublease to Wal-Mart Stores Texas, LP, which assigned its interest to plaintiff.

Following assignment of the sublease to plaintiff, plaintiff and defendant executed two sublease modification agreements. The most recent sublease modification agreement extended the sublease term through October 31, 2010, and obligated defendant to pay a base or "fixed" rent of $19,250.00 per month during the final year of the term (November 1, 2009, through October 31, 2010), plus a prorata share of all costs incurred by plaintiff in

operating, managing, insuring, repairing, and maintaining the shopping center in which the subleased premises is located ("operating expenses"). During the final year of the term, defendant was billed $3,773.12 per month for its share of operating expenses. In addition, the original sublease obligated defendant to pay a monthly late fee equal to 1.5% of any overdue balance.

Beginning in March 2010, defendant failed to pay fixed rent and its share of operating expenses on time. Although defendant eventually paid fixed rent and its share of operating expenses for March 2010 through June 2010, late fees accrued during those months, which defendant did not pay. In July 2010 defendant abandoned the subleased premises. It did not pay fixed rent or operating expenses for the final four months of the sublease term. It also did not pay for repairs made by plaintiff to the sprinkler system of the subleased premises, as the sublease required. Late fees continue to accrue on the amount defendant owes but has not paid.

As of April 1, 2011, the total amount defendant owes plaintiff under the sublease is $109,788.10. Such amount includes $77,000.00 in fixed rent for July 2010 through October 2010, $15,092.48 in operating expenses for July 2010 through

October 2010, $1,786.00 for repairs to the sprinkler system, and $15,909.62 in accrued late fees.

Prior to filing its complaint, plaintiff made written demand on defendant for payment of the amount due under the sublease, but defendant did not respond.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. When, as in this case, the movant will bear the burden of proof at trial, the movant can carry its burden under Rule 56(a) by demonstrating that the undisputed facts conclusively establish each essential element of its claim. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).

IV.

## Analysis

Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach. City of The Colony v. N.

Tex. Mun. Water Dist., 272 S.W.3d 699, 734 (Tex. App.--Fort Worth 2008, pet. dism'd). The court is satisfied that the undisputed facts set forth in section II of this memorandum opinion establish each of these elements. Thus, plaintiff is entitled to recover from defendant an amount that will put plaintiff in the same position it would have been in had defendant not breached, which the undisputed facts show is $109,788.10. Id.

In its complaint, plaintiff prayed for, in addition to its actual damages, pre-judgment and post-judgment interest. In the motion for summary judgment, plaintiff specifies neither the amount of pre-judgment interest it is seeking nor the method the court should use in calculating the appropriate amount of such interest. As a result, the court is not awarding plaintiff any pre-judgment interest at this time. If plaintiff wishes to pursue its claim for pre-judgment interest, it should file a document that includes a proposed calculation of the amount of pre-judgment interest the court should award, together with citation to legal authority supporting the method used to make such calculation. Plaintiff is entitled to post-judgment interest in accordance with 28 U.S.C. § 1961.

Plaintiff also requests its reasonable and necessary attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. The court is not awarding attorney's

fees at this time. If plaintiff wishes to pursue its request for attorney's fees, it may do so by filing a motion pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. Such motion should include an itemized list of the services performed by plaintiff's attorneys, the date such services were performed, the name of the attorney or paralegal who performed such services and his or her hourly rate, and the total amount of fees requested. Such motion should also be supported by the affidavits or declarations of persons with actual knowledge of the facts contained in the motion.

V.

Order

Therefore,

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted.

The court further ORDERS that plaintiff have and recover from defendant the amount of $109,788.10.

The court further ORDERS that if plaintiff wishes to pursue its claims for pre-judgment interest and attorney's fees, it file

by 2:00 p.m. on June 8, 2011, the items the court has stated it needs to file to perfect such requests.

SIGNED May 25, 2011.

JOHN McBRYDE
United States District Judge